SANJAY M. NANGIA (SBN: 264986)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: 415.276.6500
Email: sanjaynangia@dwt.com

Attorneys for Non-Party
MICROSOFT CORPORATION

PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bzbm.com
GABRIELLA A. WILKINS (SBN 306173)
  gwilkins@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Plaintiffs CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.; and CISCO TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN USOURCE TECHNOLOGY CO.; SHENZHEN WAREX TECHNOLOGIES CO., LTD.; and WAREX TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 5:20-cv-04773-EJD <br><br> **STIPULATION ON MICROSOFT CORPORATION'S COMPLIANCE WITH JULY 20, 2020 ORDER** |

Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together, "Cisco"), and non-party Microsoft Corporation stipulate as follows.

1. On July 20, 2020, the Court entered a temporary restraining order. ECF No. 12. This Order was issued without notice to or an opportunity to be heard from Microsoft.

2. The Order requires Microsoft to "deindex, delist, or otherwise remove from its index and search results any URL owned, controlled, or otherwise associated with any Restrained Party's advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks" ("URL Removal Requirements")

3. On July 30, 2020, Microsoft received a copy of the Order, along with a letter stating that Plaintiffs did not expect compliance with the Order until August 10, 2020.

4. On August 3, 2020, counsel for Microsoft contacted counsel for Plaintiffs, explaining that Microsoft did not have sufficient information to comply with the Order, including a list of URLs to be de-indexed. Later that day, counsel for Plaintiffs provided a consolidated list of URLs, a copy of which is attached as Exhibit A, from Exhibits 3D and 3E to the 7/14/20 Declaration of the Third Witness, ECF Nos. 10-7 and 10-8, which are referenced in ECF No. 12.

5. Microsoft is in the process of de-indexing the URLs listed on Exhibit A, and anticipates completing that process no later than August 10, 2020, after which Microsoft will have complied with the URL Removal Requirements, except that Cisco reserves its rights to identify additional URLs, and Microsoft reserves its rights to object.

6. The Order also requires Microsoft to "disable and be restrained from providing any services to any Restrained Party, currently or in the future, in relation to the advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks; [and] disable and be restrained from displaying any advertisements used by or associated with any Restrained Party in connection with the advertisement, offer for sale, or sale of Cisco-marked products and/or otherwise using the CISCO Marks" ("Future Account Requirements")

7. Microsoft has made a good faith effort to prevent the creation of any Bing Ads accounts by anyone providing the following account name or contact information, each term in its exact form: Shenzhen Usource Technology Co.; Shenzhen Warex Technologies Co.; Warex

DAVIS WRIGHT TREMAINE LLP

Technologies Limited; kc@usourcetech.com; service@usourcetech.com; sales@warex.cn; Laural@warex.cn; jeff@usourcetech.com; Shenzhen Youxinyuan Technology Co.; Yuan Jianqing; Kwong Weitian; Shenzhen Weixun Optical Technology Co., LTD.; raymondh@warex.cn; Chu Xiaozhe; and Chu Tianxiang (collectively, "Restrained Parties").  Microsoft has complied with the Future Account Requirements of the Order, except that Cisco reserves its rights to identify additional name or contact information, and Microsoft reserves its rights to object.

8. The Order also requires that Microsoft "take all steps necessary to prevent links to Defendants' online marketplace accounts from displaying any Cisco-marked product and/or product advertised using the CISCO Marks in search results; and within three business days of receipt of this Order provide to counsel for Cisco a statement certifying compliance with the requirements of this paragraph."  ("Current Account Requirements").

9. Microsoft has located no Bing Ads accounts in the names of or using the email addresses of the Restrained Parties and so has complied with the Current Account Requirements, except that Cisco reserves its rights to identify additional name or email address information, and Microsoft reserves its rights to object.

10. The Order also requires Microsoft to "produce to Cisco expedited discovery, including copies of all documents and records in such person's or entity's possession, custody, or control relating or referring to"

    1. the names, addresses, and other contact information, including any and all associated email addresses, of any of the Restrained Parties;

    2. the nature of any of the Defendants' operations (including, but not limited to, identifying information associated with any Internet stores or online marketplace accounts), methods of payment, transportation, and listing history concerning the advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks;

    3. any online marketplace accounts registered by Defendants, along with the true identities and contact information of the registrants of each online marketplace

account to the extent the privacy protection service for any of Defendants' Internet stores, seller identifications, online marketplace accounts, commercial Internet websites, store URLs, and email addresses has concealed the registrant's identity and contact information;

4. any financial accounts owned or controlled by any of the Restrained Parties, including such accounts residing with or under the control of any Payment Service (as defined above);

5. the names and electronic and physical addresses of every owner and employee of each of the Restrained Parties; and

6. any other documents concerning or relating to any of the Restrained Parties.

("Discovery Requirements").

11. Based on a URL alone, Microsoft cannot ascertain any identifying non-public information about the domain name owner, so Plaintiffs and Microsoft agree that Microsoft cannot provide further information at this time and has satisfied the Discovery Requirements, except that Cisco reserves its rights to provide additional information that may enable Microsoft to provide discovery in the future, and Microsoft reserves its rights to object.

12. So long as Microsoft has de-indexed the URLs listed on Exhibit A by August 10, 2020, Microsoft has complied with the Order as set forth above.

//
//
//
//
//
//
//
//
//
//

DATED: August 6, 2020

Respectfully submitted,

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation


By:  */s/ Patrick M. Ryan*
PATRICK M. RYAN
Attorneys for Plaintiffs
CISCO SYSTEMS, INC., and
CISCO TECHNOLOGY, INC.


DAVIS WRIGHT TREMAINE LLP


By:  */s/ Sanjay M. Nangia*
SANJAY M. NANGIA
Attorneys for Non-Party
MICROSOFT CORPORATION

**[PROPOSED] ORDER**

It is SO ORDERED.

Dated this ___ day of August, 2020.

_____

UNITED STATES DISTRICT JUDGE