UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SHENZHEN USOURCE TECHNOLOGY CO., et al.,<br><br>    Defendants. | Case No. 5:20-cv-04773-EJD<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, FOR TEMPORARY RESTRAINING ORDER, AND FOR LEAVE TO FILE EXCESS PAGES**<br><br>Re: Dkt. Nos. 42, 44, 45 |

Before the Court are Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s (collectively, "Cisco") motion for leave to file a second amended complaint naming two additional defendants ("the Proposed Defendants"), Cisco's ex parte motion for a temporary restraining order against the Proposed Defendants ("TRO motion"), and Cisco's motion for leave to file excess pages in connection with the TRO motion. Dkt. Nos. 44, 45, 42. For the following reasons, the Court denies the motion for leave to file the proposed second amended complaint ("PSAC") and denies the TRO motion and motion for excess pages as moot.

I.    **BACKGROUND**

Cisco filed this action on July 16, 2020 against defendants Shenzhen Usource Technology Co. ("Usource"), Shenzhen Warex Technologies Co., Ltd., and Warex Technologies Limited (collectively, "Warex"). Dkt. No. 1. On August 6, 2020, Cisco and plaintiff Ciena Corporation ("Ciena") filed the operative amended complaint against Usource and Warex. Dkt. No. 16. The amended complaint asserts the following claims: (1) trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false advertising

Case No.: 5:20-cv-04773-EJD
ORDER DENYING MOT. FOR LEAVE TO AMEND
1

1  under the Lanham Act, 15 U.S.C. § 1125(a); (3) dilution under the Lanham Act, 15 U.S.C. §

2  1125(c); (4) false advertising in violation of California Business & Professions Code § 17500; and

3  (5) unfair competition in violation of California Business & Professions Code § 17200. *Id.*

4  Plaintiffs allege that Usource and Warex sell counterfeit transceiver devices under the Cisco and

5  Ciena trademarks through third-party websites. On July 20, 2020 and August 10, 2020, the Court

6  granted Cisco and Ciena's requests for temporary restraining orders against Usource and Warex.

7  Dkt. Nos. 9, 23. On August 17, 2020, the Court granted the parties' request for a preliminary

8  injunction. Dkt. No. 29. Usource and Warex have yet to appear in this action.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave should be granted with "extreme liberality"). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

Cisco seeks leave to file the PSAC naming the Proposed Defendants as party defendants.[1] Dkt. No. 43-4. In evaluating a proposed amendment to add parties, a court properly considers the requirements of Rule 20 of the Federal Rules of Civil Procedure. *See Desert Empire Bank v. Ins.*

---

[1] The Court does not specifically identify the Proposed Defendants here for the reasons explained in the Court's separate order regarding Cisco's administrative motion to file under seal documents related to its motion for leave to amend, TRO motion, and administrative motion for excess pages (Dkt. No. 43).

Case No.: 5:20-cv-04773-EJD
ORDER DENYING MOT. FOR LEAVE TO AMEND
2

*Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) ("[P]laintiff's petition to amend its pleadings to add Schulte as a party defendant brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure"). Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of multiple defendants into a single action and provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both requirements—that the right to relief as to each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences and that a common question of law or fact exist—are mandatory and must exist for joinder to be appropriate. *Adobe Sys. Inc. v. Colo. Internet Servs., LLC*, No. C-13-4193 EMC, 2014 WL 1007627, at *2 (N.D. Cal. Mar. 12, 2014).

Cisco has not demonstrated that joinder of the Proposed Defendants is appropriate. Taking all allegations in the PSAC as true, as the Court must, nothing in the PSAC or Cisco's motion for leave to amend indicates that its claims against the Proposed Defendants arises out of the same transaction, occurrence, or series of transactions of occurrences as Cisco's claims against Usource and Warex. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C10-03724 JW, 2010 WL 9934741, at *3 (N.D. Cal. Dec. 21, 2010) ("The phrase 'same transaction, occurrence, or series of transactions or occurrences' requires 'a degree of factual commonality underlying the claims.'"); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (finding that the "same transaction" requirement "refers to similarity in the factual background of a claim" and that plaintiffs in that case failed to demonstrate their claims arose out of a "systematic pattern of events").

The only commonality described in the PSAC between Usource, Warex, and the Proposed Defendants is that they all sell counterfeit Cisco transceivers on the same website. PSAC, Dkt.

Case No.: 5:20-cv-04773-EJD
ORDER DENYING MOT. FOR LEAVE TO AMEND
3

1   No. 43-10 ¶¶ 64, 78.  There are no other allegations in the PSAC connecting either Usource or
2   Warex to the Proposed Defendants.  In its motion for leave to amend, Cisco asserts that it was
3   investigating the Proposed Defendants at the same time it investigated Usource and Warex.  Dkt.
4   No. 43-4 at 3–4, 6–7.  Cisco cannot manufacture a transaction, occurrence, or a series of
5   transaction or occurrences out of the fact that Cisco happened to be investigating these entities at
6   the same time.  Offering the similar counterfeit goods on the same website does not necessarily
7   mean the claims against the Proposed Defendants arise out of the same transaction or occurrence
8   as the claims against Usource and Warex.  *Adobe*, 2010 WL 9934741, at *3–4.

9   Cisco's motion for leave to amend speculates that Usource, Warex, and the Proposed
10  Defendants "likely buy from the same network of clandestine manufacturers."  Dkt. No. 43-4 at 3,
11  6.  This allegation is entirely absent from the PSAC.  Even if Cisco had so alleged, it does not
12  provide any facts in its motion or the PSAC that would support that supposition.  All Cisco alleges
13  in the PSAC is that the Proposed Defendants infringe its trademarks in the same manner as
14  Usource and Warex.  "Simply committing the same type of violation in the same way does not
15  link defendants together for the purposes of joinder."  *AF Holdings, LLC v. Does 1-1058*, 752 F.3d
16  990, 998 (D.C. Cir. 2014) (internal quotation marks and revisions omitted); *see also Estee Lauder*
17  *Cosmetics Ltd. v. P'ships and Uninc. Assocs. Identified in "Schedule A"*, 334 F.R.D. 182 (N.D.
18  Ill. 2020) (finding improper joinder of 79 defendants alleged to have sold counterfeit cosmetics
19  through Internet stores); *Adobe*, 2010 WL 9934741, at *3 ("That Defendants are alleged to have
20  engaged in similar misconduct, in separate instances, against Adobe is an insufficient basis for
21  which to join all Defendants into a single suit.").

22  Because the PSAC does not allege any facts suggesting that the Proposed Defendants acted
23  in concert with or were otherwise connected to Usource and Warex, joinder would be
24  inappropriate.  Accordingly, Court finds that amendment would be futile and denies the motion for
25  leave to amend.

26  **IV.   CONCLUSION**
27  For the foregoing reasons, the Court **DENIES** Cisco's motion for leave to file the PSAC.
28  Case No.: 5:20-cv-04773-EJD
ORDER DENYING MOT. FOR LEAVE TO AMEND
4

United States District Court
Northern District of California

1  The related TRO motion and motion for excess pages are **DENIED AS MOOT**.

2      **IT IS SO ORDERED.**

3  Dated: May 26, 2021

4  _____
EDWARD J. DAVILA
5  United States District Judge

28  Case No.: 5:20-cv-04773-EJD
ORDER DENYING MOT. FOR LEAVE TO AMEND

5