United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SHENZHEN USOURCE TECHNOLOGY CO., et al.,<br><br>    Defendants. | Case No. 5:20-cv-04773-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 43 |

Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s (collectively, "Cisco") move to seal documents in connection with its concurrently filed motion for leave to file a second amended complaint (Dkt. No. 44) and motion for temporary restraining order ("TRO motion") (Dkt. No. 45). Dkt. No. 43. First, Cisco seeks to temporarily seal for 15 days its motion for leave to file a second amended complaint, the proposed second amended complaint ("PSAC"), the TRO motion, the proposed order granting the TRO motion, and other documents accompanying the motions in their entirety. *Id.* at 3–5. After the expiration of the 15-day period, Cisco seeks to permanently seal portions of these documents. *Id.* at 5–8. This request presumes that the Court would grant Cisco's motion to amend and TRO motion; however, the Court has denied those motions and now considers the motion to seal in view of that result. Dkt. No. 46. For the following reasons, the Court grants in part and denies in part Cisco's administrative motion to seal.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). If the court record is "more than

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING IN PART ADMIN. MOT. TO SEAL
1

tangentially related to the merits of the case"—as is the case with the PSAC—then there is a "strong presumption in favor of access." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178. To overcome this presumption, the party who wishes to keep the record under seal must "articulate compelling reasons supported by specific factual findings" for doing so. *Kamakana*, 447 F.3d at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman v. Path, Inc.*, No.13-cv-00453-JST, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017); *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

Having considered Cisco's moving papers, the Court finds that Cisco's request does not comply with Civil Local Rule 79-5(b) in that it is not narrowly tailored to seek sealing of only sealable material. Specifically, Cisco has not provided compelling reasons for sealing the requested documents in their entirety in view of the Court's denial of its motion to amend and the TRO motion. However, the Court finds that Cisco has presented sufficient justification for maintaining its confidential information under seal, as well as the identities of the two proposed defendants sought to be added in the PSAC ("the Proposed Defendants"). Dkt. No. 43 at 4–8. Accordingly, the Court **GRANTS** Cisco's motion to seal the following:

| Document | Portions to be Sealed |
|---|---|
| Cisco's Motion for Leave to File Second Amended Complaint (Dkt. No. 44) | Names of the Proposed Defendants wherever they appear throughout the entire document |

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING IN PART ADMIN. MOT. TO SEAL
2

| | |
|---|---|
| Declaration of Stephen Steinberg in Support of Cisco's Motion for Leave to File Second Amended Complaint (Dkt. No. 44-1) | Names of the Proposed Defendants wherever they appear throughout the entire document |
| [Proposed] Second Amended Complaint (Dkt. No. 44-2) | Names of the Proposed Defendants wherever they appear throughout the entire document<br>Pg. 9, lines 3-15<br>Pg. 10, lines 7-9, 11-14<br>Pg. 15, lines 10-25<br>Pg. 17, lines 9-11, 15-21<br>Pg. 16, lines 18-24<br>Pg. 18, lines 14-23<br>Pg. 20, lines1-2, 6-13 |
| Cisco's Motion for Temporary Restraining Order (Dkt. No. 45) | Names of the Proposed Defendants wherever they appear throughout the entire document<br>Pg. 7, line 25<br>Pg. 8, lines 1-11<br>Pg. 13, lines 7-9<br>Pg. 24, lines 3-4 |
| Declaration of First Witness in Support of Cisco's Motion for Temporary Restraining Order (Dkt. No. 45-1) | Names of the Proposed Defendants wherever they appear throughout the entire document<br>Pg. 1, line 1<br>Pg. 8, line 10 |
| Declaration of Second Witness in Support of Cisco's Motion for Temporary Restraining Order (Dkt. No. 45-5) | Names of the Proposed Defendants wherever they appear throughout the entire document<br>Pg. 1, lines 1, 11<br>Pg. 3, lines 1-2, 21-26, 28<br>Pg. 4, lines 1-4, 6-7, 22-23, 25-26<br>Pg. 5, lines 4, 7-9, 15-16, 22-27<br>Pg. 6, line 15 |
| Declaration of Third Witness in Support of Cisco's Motion for Temporary Restraining Order (Dkt. No. 45-6) | Names of the Proposed Defendants wherever they appear throughout the entire document<br>Pg. 1, lines 1, 24-28<br>Pg. 2, lines 1-7, 9<br>Pg. 8, lines 2-3, 18 |
| [Proposed] Order Granting Cisco's Motion for Temporary Restraining Order (Dkt. No. 45-8) | Names of the Proposed Defendants wherever they appear throughout the entire document |

///

///

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING IN PART ADMIN. MOT. TO SEAL

By **June 3, 2021**, Cisco shall file revised redacted versions of its motion for leave to file a second amended complaint, its TRO motion, and all accompanying documents that comport with the above. Civ. L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
EDWARD J. DAVILA
United States District Judge