UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHENZHEN USOURCE TECHNOLOGY CO., et al.,<br><br>    Defendants. | Case No.  5:20-cv-04773-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ISSUANCE OF PERMANENT INJUNCTION**<br><br>Re: Dkt. No. 58 |

Plaintiffs Cisco Systems, Inc., Cisco Technology, Inc., (together, "Cisco") and Ciena Corporation ("Ciena") filed this action asserting trademark infringement and counterfeiting against Defendants Shenzhen Usource Technology Co., Warex Technologies Limited, and Shenzhen Warex Technologies, Co., Ltd.  Am. Compl., Dkt. No. 16.  Plaintiffs now move for default judgment and a permanent injunction.  Mot. for Default Judg. and Issuance of Perm. Inj. ("Mot."), Dkt. No. 58.

The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having considered Plaintiffs' moving papers, the Court GRANTS Plaintiffs' motion.

**I.  BACKGROUND**

Plaintiffs Cisco and Ciena have sold networking equipment, including transceiver modules, since 1992.  Am. Compl. ¶¶ 18, 20.  Cisco owns the relevant trademarks, registered with the U.S. Patent and Trademark Office, for use in connection with Cisco's products.  *Id*. ¶ 21; Cisco Decl. of First Witness in Supp. of Pls.' Emerg. Ex Parte Mot. for TRO, Asset Freeze Order,

1  Expedited Disc., Order Permitting Alt. Serv. of Process, and Order to Show Cause Re: Prelim. Inj.
2  ("Cisco First Witness Decl."), Dkt. No. 10-1 ¶¶ 5-10, Ex. 1A.  Ciena also owns the relevant
3  trademarks, registered with the U.S. Patent and Trademark Office, for use in connection with
4  Ciena's products.  Am. Compl. ¶ 24; Ciena Decl. of First Witness in Supp. of Pls.' Emerg. Ex
5  Parte Mot. for TRO, Asset Freeze Order, Expedited Disc., Order Permitting Alt. Serv. of Process,
6  and Order to Show Cause Re: Prelim. Inj.  ("Ciena First Witness Decl."), Dkt. No. 19-1 ¶¶ 5-10,
7  Ex. 1A.

8  Defendants Shenzhen Usource Technology Co., Warex Technologies Limited, and
9  Shenzhen Warex Technologies, Co., Ltd have their principal places of business in China.  Am.
10  Compl. ¶¶ 10-11.  Defendants engaged in advertising, selling, and distributing transceiver
11  products that are infringing Plaintiffs' trademarks on transceiver products in this District and the
12  State of California.  *Id.* ¶ 43.

13  Plaintiffs assert that Defendants are intentionally deceiving customers into believing that
14  they are purchasing and receiving products that are developed, manufactured, and screened by
15  Plaintiffs or another party legitimately associated with Plaintiffs.  *Id.* ¶¶ 6, 43-46; Cisco Decl. of
16  Third Witness in Supp. of Pls.' Emerg. Ex Parte Mot. for TRO, Asset Freeze Order, Expedited
17  Disc., Order Permitting Alt. Serv. of Process, and Order to Show Cause Re: Prelim. Inj.  ("Cisco
18  Third Witness Decl."), Dkt. No. 10-6 ¶¶ 7-31.  Ciena Decl. of Third Witness in Supp. of Pls.'
19  Emerg. Ex Parte Mot. for TRO, Asset Freeze Order, Expedited Disc., Order Permitting Alt. Serv.
20  of Process, and Order to Show Cause Re: Prelim. Inj.;  ("Ciena Third Witness Decl."), Dkt. No.
21  19-4 ¶¶ 7-31.

22  Plaintiffs discovered that Defendants advertised and sold similar types of transceiver
23  products using unauthorized representations of Plaintiffs' trademarks.  Am. Compl. ¶¶ 63-76;
24  Cisco Third Witness Decl. ¶¶ 7-31; Ciena Third Witness Decl. ¶¶ 7-31.  Plaintiffs hired
25  investigators and consultants to purchase Defendants' products through their websites and by
26  email communication.  Am. Compl. ¶¶ 54-63; Cisco Third Witness Decl. ¶¶ 7-10, 16-20; Ciena
27  Third Witness Decl. ¶¶ 7-10, 16-20.  After analyzing the products purchased from Defendants,
28  Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
2

1  Plaintiffs' engineers concluded that Defendants' products were inauthentic and had a high
2  probability of malfunctioning. Am. Compl. ¶¶ 44, 57, 75; Cisco Third Witness Decl. ¶¶ 10-31;
3  Ciena Third Witness Decl. ¶¶ 10-31. Accordingly, Plaintiffs allege that Defendants have been
4  advertising, offering, selling, using and/or distributing products that bear confusingly similar
5  imitations of the Cisco and Ciena trademarks. Am. Compl. ¶ 43.

Plaintiffs filed this action on July 16, 2020, asserting the following claims: (1) trademark infringement and counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) dilution of Plaintiffs' marks under the Lanham Act, 15 U.S.C. § 1125(c); (4) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; and (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. *Id*. ¶¶ 77-104. Plaintiffs have served Defendants with the original complaint, summonses, and the operative Amended Complaint by court-ordered substitute service via e-mail. Dkt. No. 12. The Court granted Plaintiffs' requests for a temporary restraining order and a preliminary injunction prohibiting Defendants and others acting in concert with them from engaging in the alleged counterfeiting and infringing behavior. Dkt. Nos. 12, 23, 29.

No Defendant has ever appeared in this action. The Clerk of the Court entered default against Defendants on July 12, 2021. Dkt. No. 56. On August 17, 2021, Plaintiffs filed the motion for default judgment now before the Court and served a copy on Defendants. Dkt. Nos. 58, 60. To date, Defendants have not responded to or otherwise defended this action.

## II.    LEGAL STANDARD

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, the court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
3

> dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

**III.     DISCUSSION**

   **A.     Jurisdiction and Service of Process**

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999).

   **1.     Subject matter jurisdiction**

District courts have original jurisdiction to hear civil cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In addition, in any civil action where the district court has original jurisdiction, the court will also have supplemental jurisdiction over all other claims that are so related to claims in the action with original jurisdiction such that they form part of the same case or controversy. 28 U.S.C. § 1367.

Here, Plaintiffs allege that Defendants engaged in trademark infringement and counterfeiting, false designation of origin and false advertising, and dilution in violation of the Lanham Act. Because Plaintiffs' claims arise under federal law, the Court has original federal question jurisdiction over Plaintiffs' federal law claims. 28 U.S.C. §§ 1331, 1338.

Further, Plaintiffs' FAL and UCL claims under California law involve the same products at issue and therefore arise out of the same "case or controversy" as the Lanham Act claims. 28 U.S.C. § 1367(a). Accordingly, the Court has supplemental jurisdiction over Plaintiffs' state law claims.

   **2.     Personal jurisdiction and service of process**

The Court must exercise personal jurisdiction over the defaulting defendant if its activities in the state are sufficient to show that it enjoys the benefits and protections of the laws in that

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
4

state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Moreover, serving a summons establishes personal jurisdiction over a defendant, who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1).

Here, Defendants have engaged in business activities by advertising, selling, and distributing the products at issue in this district and the State of California. Am. Compl. ¶ 9. The Court has personal jurisdiction over Defendants under the California long arm statute, Cal. Civ. Proc. Code § 410.10, or alternatively under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2). *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-CV-05561-EJD, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020) (finding that defendants' sales of products to California residents through interactive Internet websites was sufficient to confer personal jurisdiction). Additionally, Plaintiffs have served the complaints and summons via e-mail pursuant to the Court's order. Dkt. Nos. 12, 24, 25, 39.

The Court is satisfied that Plaintiffs have established that the Court has subject matter and personal jurisdiction, and that service was properly effected.

### B.   *Eitel* Factors

#### 1.   Possibility of prejudice to Plaintiffs

Under the first *Eitel* factor, the Court considers whether the plaintiff will suffer prejudice if default judgment is denied. *Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. Cal. Sec. Cans,* 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if it would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017).

Here, Plaintiffs allege that Defendants' infringing acts divert Plaintiffs' sales and harm their reputations by providing inferior products under the Plaintiffs' marks. Am. Compl. ¶¶ 77-104. Since Defendants have not appeared in this matter, Plaintiffs will be without any other recourse for recovery unless default judgment is granted. *Oomph Innovations*, 2020 WL 5847505,

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
5

at *2. The first *Eitel* factor weighs in favor of entering default judgment. *Id.*

### 2. Substantive merits and sufficiency of the claims

Courts often consider the second and third *Eitel* factors together. *I.B.E.W. Local 332*, 2020 WL 2838801, at *2 (citing *PepsiCo, Inc.*, 283 F. Supp. 2d at 1177). These factors assess the substantive merits of the movant's claims and the sufficiency of the pleadings. The movant must "state a claim on which [it] may recover." *Id.* Here, Plaintiffs assert claims for trademark infringement, false designation of origin, false advertising, and dilution under the Lanham Act, as well as claims under the UCL and FAL. *Id.* ¶¶ 77-104.

#### a. Lanham Act trademark infringement and false designation of origin

The Court begins with Plaintiffs' trademark infringement claim. A trademark infringement claim requires that a trademark holder to demonstrate (1) ownership of a valid mark, and (2) that the alleged infringer's use of the mark is likely to cause confusion, mistake, or deceive consumers. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006). Here, Plaintiffs own the federal trademark registrations for the Cisco and Ciena marks. Am. Compl. ¶¶ 21, 24; Cisco First Witness Decl. ¶¶ 5-10, Ex. 1A; Ciena First Witness Decl. ¶¶ 5-10, Ex. 1A. Thus, Plaintiffs have demonstrated ownership of valid trademarks.

Having established that the marks are valid and protectable, the Court addresses whether the marks create a likelihood of confusion. *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 965 (N.D. Cal. 2019). Assessing the likelihood of confusion normally involves a non-exhaustive eight-factor test. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). However, the Court need not perform the full eight-factor analysis in cases involving counterfeit marks, because counterfeits are inherently confusing. *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582 CW, 2012 WL 2343670, at *14 (N.D. Cal. June 20, 2012); *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004); *Nestle USA, Inc. v. Gunther Grant, Inc.*, No. CV-13-6754 MMM (ASX), 2014 WL 12558008, at *8

Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
6

1 (C.D. Cal. May 13, 2014); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F.Supp.2d 284, 287

2 (S.D.N.Y. 2003). A counterfeit mark is: "(1) a non-genuine mark identical to the registered,

3 genuine mark of another, where (2) the genuine mark was registered for use on the same goods to

4 which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658

5 F.3d 936, 946 (9th Cir. 2011). As discussed above, Plaintiffs have adequately pled ownership of

6 the marks that they use on their own transceivers. They further demonstrate that the products they

7 received from Defendants were not genuine Cisco/Ciena products, despite bearing what appear to

8 be the Cisco/Ciena marks. Am. Compl. ¶¶ 44, 54-76; Cisco Third Witness Decl. ¶¶ 7-31; Ciena

9 Third Witness Decl. ¶¶ 7-31. Accordingly, Plaintiffs have sufficiently pled that Defendants

10 infringed Plaintiffs' trademarks.

11 The elements of false designation of origin are similar to trademark infringement. *See*

12 *Brookfield Commc'ns, Inc. v. W. Coast. Ent'mt Corp.*, 174 F.3d 1036, 1046 nn.6 & 8 (9th Cir.

13 1999); *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980).

14 Therefore, courts have treated them as claims that rise and fall together. *Freecycle Network*, 505

15 F.3d at 902–04; *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979);

16 *Amazon.com, Inc. v. Expert Tech Rogers Pvt. Ltd.*, No. 20CV07405PJHJSC, 2021 WL 4461601

17 (N.D. Cal. Sept. 22, 2021) (listing cases), *report and recommendation adopted*, No. 20-CV-

18 07405-PJH, 2021 WL 4896120 (N.D. Cal. Oct. 20, 2021). Because Plaintiffs have adequately

19 pled trademark infringement, the Court finds they have also adequately pled false designation of

20 origin under the Lanham Act.

21 **b.     Lanham Act false advertising and dilution**

22 Plaintiffs do not specifically address the false advertising and dilution claims in their

23 motion. *See* Mot. at 6–8. As to false advertising, Plaintiffs plead false advertising and false

24 designation of origin together as a single claim under the Lanham Act, but they are separate claims

25 to be analyzed separately. *Amazon.com*, 2021 WL 4461601, at \*6. Plaintiffs' motion focuses

26 primarily on false designation of origin, *see* Mot. at 6–8 (describing complaint as "alleging both

27 federal law claims for trademark infringement and false designation of origin" but not false

28 Case No.: 5:20-cv-04773-EJD
ORDER GRANTING MOT. FOR DEFAULT JUDG. AND PERM. INJ.
7

1   advertising under the Lanham Act), therefore the Court understands Plaintiffs to move for default

2   only on false designation of origin and not false advertising. *Amazon.com*, 2021 WL 4461601, at

3   \*6. Similarly, the Court interprets Plaintiffs' total omission of dilution from its analysis as not

4   seeking default judgment on that claim. *See* Mot. at 6–8.

### c.  UCL and FAL claims

Finally, a UCL claim is "substantially congruent" to a Lanham Act trademark infringement claim under the Lanham Act. *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991). Both claims ask "whether the public is likely to be deceived or confused by the similarity of the marks." *Id.* (internal quotation marks omitted). Because Plaintiffs have stated a claim for trademark infringement, the Court finds they have also stated a claim under the UCL.

The FAL is also "substantially congruent" to Lanham Act claims for false advertising. *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015); *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. 12-cv-03762-SI, 2014 WL 572290, at \*3 (N.D. Cal. Feb 11, 2014); *see also Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("The California Supreme Court has recognized that [the UCL and the FAL] prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."). As discussed above, Plaintiffs do not seek default judgment on their Lanham Act claim for false advertising. *See* Mot. at 6–8. Nevertheless, the Court finds that Plaintiffs state a claim under the FAL under the facts presented here because they have stated a claim for trademark infringement and false designation of origin for the reasons described above. *See Faberge, Inc. v. Saxony Prods., Inc.*, 605 F.2d 426, 428 (9th Cir. 1979) (stating that use of a trademark or trade name that is likely to cause confusion constitutes a violation of the FAL); *Conifer Sec. LLC v. Conifer Capital LLC*, No. C02-05611 WHA, 2003 WL 1873270 at \*2 (N.D. Cal. Apr. 2, 2003) (finding that a defendant's use of a trade name similar to plaintiff's in a manner likely to cause confusion as to the relationship between plaintiff and defendant and as to the origin, sponsorship, and

1   approval of defendant's goods and services constituted false advertising under the FAL).

2   In conclusion, Plaintiffs have sufficiently pled claims for trademark infringement, false designation of origin, and violation of the UCL and FAL. *Id.* Thus, the second and third *Eitel* factors favor granting default judgment for Plaintiffs on those claims.

### 3. Sum of money in dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Cost., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.*

Here, Plaintiffs do not seek monetary damages; rather, they seek a declaration from this Court that Defendants are liable for the pertinent violations and an order permanently enjoining Defendants from any further infringement. Mot. at 8. Accordingly, there are no measures of damages to assess in this case. This *Eitel* factor weighs in favor of entering in default judgment. *Intel Corp. v. Intelsys Software*, *LLC*, No. C 08-03578 JW, 2009 WL 347239, at *3 (N.D. Cal. Feb. 6, 2009).

### 4. Possibility of dispute concerning material facts

*Eitel* requires the Court to consider whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471–72. Defendants have neither appeared nor defended this action, and Plaintiffs' allegations stand undisputed. Upon entry of default by the Clerk of the Court, the factual allegations of the complaint related to liability are taken as true. *Shaw v. Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017). Moreover, Plaintiffs have submitted evidence of the alleged infringing features of Defendants' products in question by directly purchasing the products and obtaining public information from Defendants' websites. Am. Compl. ¶¶ 63-76; *see* Dkt. Nos. 10, 19. Based on these facts and evidence, the possibility of dispute concerning material facts is minimal and does not weigh against default judgment. *Oomph Innovations,* 2020 WL 5847505, at *4.

### 5. Excusable neglect

The Court next considers whether Defendants' default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. Plaintiffs served the Defendants with the complaints, summonses, and the Court's temporary restraining order. Dkt. Nos. 24, 25, 39. There is no indication that Defendants' default is due to excusable neglect.

### 6. Strong policy favoring decisions on the merits

Although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete,* 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co., Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Here, Defendants have not appeared and apparently refuse to litigate. *Oomph Innovations,* 2020 WL 5847505, at *4. Thus, this *Eitel* factor also favors default judgment.

Overall, the *Eitel* factors support default judgment. Therefore, the Court GRANTS Plaintiffs' motion for default judgment.

### C. Relief Requested

Because this Court concludes that default judgment is warranted, it now considers Plaintiffs' request for a permanent injunction.

Under the Lanham Act, a district court has the power to grant injunctions according to the rules of equity and to prevent the violation of a trademark holder's rights. 15 U.S.C. §§ 1116(a), 1125(a); *see also Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 939, 948 (9th Cir. 2002). Injunctive relief is available even in a default judgment setting. *See, e.g.*, *Philip Morris USA, Inc., v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003). 15 U.S.C. § 1116(a) entitles a trademark owner to an injunction if the owner's rights are being violated. *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d

1083, 1094 (N.D. Cal. 2008); *see also Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180–81 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.").

Here, Plaintiffs allege that Defendants have infringed Plaintiffs' trademarks, damaged Plaintiffs' business reputations, and caused confusion as to the connection and origin of Defendants' products. Am. Compl. ¶¶ 77-104. In light of these allegations, which the Court takes as true, the Court finds good cause to convert the preliminary injunction entered in this action into a permanent injunction. *Intel Corp.*, 2009 WL 347239, at *3; *Penpower Tech.*, 627 F. Supp. 2d at 1094; *Conifer Sec.*, 2003 WL 1873270, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for default judgment and a permanent injunction as to Plaintiff's trademark infringement, false designation of origin, UCL, and FAL claims.

The February 24, 2022 hearing is VACATED.

**IT IS SO ORDERED.**

Dated: December 21, 2021

EDWARD J. DAVILA
United States District Judge